UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA K. ROAN,

        Plaintiff,

                                      File No.  1:05-CV-627

v.

                                      HON. ROBERT HOLMES BELL

DAVID HENDERSON GODETTE,
BARBARA PREVOST,

        Defendant.
                                         /

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Plaintiff's motion for alternate service and motion for third summons.  Plaintiff alleges that it has two addresses for Defendant Barbara Prevost. The first is a P.O. Box in Gibsonton, Florida.  Following multiple attempts by the process server to verify this address, the Postal Service notified the process server of a second address, 5212 Hartford, Tampa, Florida.  The Hillsborough County Sheriff attempted to serve Prevost at this address on March 23, 2006.  This attempt apparently failed because Prevost was "unknown at address."  Exhibit C, Pl.'s Mot. for Alt. Service (Docket #8).  Following this attempt, the process server contacted the Postal Service to inquire about postal verifications that had been mailed but were not returned.  In response, the Postal Service indicated that 5212 Hartford, Tampa, Florida, was a business address and indicated "[w]e will not forward an individual's mail.  Carrier doesn't recognize name at this address."

Exhibit D, Pl.'s Mot. for Alt. Service. Plaintiff requests entry of an order allowing her to serve Prevost by alternate means. Plaintiff, however, has not specified the means by which she seeks to effectuate the alternative service.

Service of process upon an individual in federal court cases is to be effected pursuant to the law of the state in which the district court is located. FED. R. CIV. P. 4(e)(1). Michigan Court Rules provide for alternate service "on a showing that service of process cannot reasonably be made as provided by this rule." M.C.R. 2.105(I)(1). Upon such a showing, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." M.C.R. 2.105(I)(1). Plaintiff has provided a minimal amount of evidence showing that service of process cannot reasonably be made as provided by the Michigan Court Rules. Plaintiff indicates her belief that Prevost's last known home address is current, but does not know Prevost's current business address. Plaintiff has also briefly detailed her attempts to verify Prevost's current address and effectuate service of process. The Court, however, is at a loss to know the means by which Plaintiff seeks to effectuate alternative service and cannot determine if the manner is reasonably calculated to give Prevost actual notice of the proceedings. Without such information the Court cannot authorize alternative service.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for alternate service (Docket #8) is **DENIED WITHOUT PREJUDICE**. Plaintiff may, within 30 days of issuance of this

order, file with the Court a motion for alternate service identifying the manner by which she seeks to effectuate alternative service and demonstrating that such alternative service is reasonably calculated to give Defendant Prevost actual notice of the proceedings and an opportunity to be heard.

**IT IS FURTHER ORDERED** that Plaintiff's request for a third summons (Docket #9) will be held in abeyance for 30 days from the date of the issuance of this order.

Date:     May 31, 2006            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE